IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LHNH TERRACES LLC,<br><br>　　*Plaintiff*,<br><br>v.<br><br>TERRACES AT SUWANEE - MTG., L.L.C.,<br>SF TERRACES AT SUWANEE, LLC,<br>TERRACES AT SUWANEE - IWM, L.L.C.,<br>TERRACES AT SUWANEE - JWH, L.L.C.,<br>and TERRACES AT SUWANEE - JDM,<br>L.L.C.,<br><br>　　*Defendants*. | Civil Action No.: _____ |

## COMPLAINT

Plaintiff, LHNH Terraces LLC ("**Buyer**"), by its undersigned counsel, files this Complaint against Defendants, Terraces at Suwanee - MTG., L.L.C., SF Terraces at Suwanee, LLC, Terraces at Suwanee - IWM, L.L.C., Terraces at Suwanee - JWH, L.L.C., and Terraces at Suwanee - JDM, L.L.C. (collectively, "**Seller**"), and alleges the following:

## INTRODUCTION

Buyer commences this action to recover a $1,500,000 earnest money deposit (the "**Earnest Money**") that Buyer paid into escrow in connection with its $117 million real estate contract with Seller. Pursuant to the express terms of the parties' written agreement, Buyer properly terminated the contract, and is entitled to a return of its Earnest Money, because Seller refused to cure numerous title issues affecting the subject property. Seller, however, has interfered with Buyer's Earnest Money refund by baselessly claiming that Seller is entitled to the funds -- contrary to the express and unequivocal terms of the parties' contract.

Accordingly, Buyer files this action for declaratory and contractual relief to recover its Earnest Money, any interest earned thereon, and all other amounts recoverable, including Buyer's reasonable attorney's fees and litigation expenses.

## PARTIES

1. Buyer is a Delaware limited liability company with its principal place of business in Jackson Township, New Jersey.

2. Each of "Seller" is a Delaware limited liability company with a principal place of business in Montgomery, Alabama.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Buyer and Seller and the amount in controversy exceeds $75,000, exclusive of costs. Specifically:

    (a) Buyer is a limited liability company whose sole member, Yakov Stein, is domiciled in New Jersey. Therefore, Buyer is a citizen of New Jersey for purposes of § 1332.

    (b) Each of "Seller" is a limited liability company and, to the best of Buyer's knowledge, information, and belief, and after reasonable inquiry into public records and other sources of information currently available to Buyer, none of Seller's members are citizens of New Jersey. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3rd Cir. 2015).

    (c) The amount in controversy, exclusive of reasonable attorney's fees and other costs, is $1.5 million, which is the amount of the Earnest Money that is the subject of this action.

4. This Court has personal jurisdiction over Seller because each of "Seller" is a limited liability company organized under the laws of the State of Delaware.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), as each of Seller is a Delaware limited liability company subject to personal jurisdiction in this District, and therefore each of Seller is a resident of this District for purposes of § 1391(b)(1) pursuant to § 1391(c)(2).

## FACTUAL ALLEGATIONS

A.      **The Parties' Purchase and Sale Agreement.**

6.      On April 15, 2022, (the "**Effective Date**"), Buyer and Seller executed a Purchase and Sale Agreement ("**PSA**"), whereby Buyer agreed to purchase, and Seller agreed to sell, a multifamily residential apartment complex in Suwanee, Georgia known as Terraces at Suwanee Gateway (the "**Property**") for $117,000,000.  A true and correct copy of the PSA is attached as Exhibit 1.

7.      In accordance with Section 1.4 of the PSA, Buyer timely paid the $1.5 million Earnest Money to the escrow agent to hold and use in accordance with the terms of the PSA (including investment of the Earnest Money pursuant to Section 8.1 of the PSA).

8.      Section 2.3 of the PSA established the procedure for addressing title issues affecting the Property.  Specifically, Section 2.3 provides, in relevant part, as follows:

(a)      within 10 days after the Effective Date, Seller is required to deliver to Buyer a title insurance commitment from First American Title Insurance Company (the "**Title Commitment**");

(b)      if any of the following: the Title Commitment, Seller's existing survey of the Property (the "**Existing Survey**"), or an updated survey obtained by Buyer, contained "material adverse exceptions or matters not acceptable to Buyer" (defined in the PSA as an "**Exception**" and plurally as "**Exceptions**"), then Buyer has until 10 days prior to expiration of the PSA's defined

"Due Diligence Period" to deliver written notice to Seller of Buyer's title Exceptions (an "**Exception Notice**");

      (c)    Seller then has five days from receipt of Buyer's Exception Notice to respond in writing "whether it will cure or resolve such Exceptions"; and

      (d)    If Seller's response indicates a "refusal or inability to cure any Exception," then Buyer is entitled to terminate the PSA upon written notice to Seller provided within five days' receipt of Seller's response to the Exception Notice and no later than the end of the Due Diligence Period – and upon the provision of such notice, "the Earnest Money shall be immediately paid to Buyer."

    9.    In addition to the rights of Buyer set forth in Section 2.3 of the PSA, Section 2.4 provides Buyer an additional right to terminate the PSA and be repaid its Earnest Money if Buyer is "dissatisfied" with "a material issue with the Title Commitment" and Buyer provides notice of termination to Seller prior to expiration of the Due Diligence Period.

**B.**     <u>**Buyer terminates the PSA pursuant to Sections 2.3 and 2.4, but Seller interferes with Buyer's refund of the Earnest Money.**</u>

    10.    On or about April 29, 2022, Seller delivered a Title Commitment to Buyer. A true and correct copy of the Title Commitment is attached as <u>Exhibit 2</u>.

    11.    On May 16, 2022, Buyer timely delivered to Seller an Exception Notice, a true and correct copy of which is attached as <u>Exhibit 3</u>. The Exception Notice listed various Exceptions to the Title Commitment and Existing Survey that were unacceptable and/or materially adverse to Buyer.

    12.    On May 23, 2022, Seller delivered its written response to Buyer's Exception Notice, a true and correct copy of which is attached as <u>Exhibit 4</u>. In its response, Seller specifically

stated that it would "not take any action" with respect to several of the Exceptions noted by Buyer, and refused to commit to curing any of Buyer's Exceptions.

13. Consequently, on May 25, 2022, due to Seller's refusal to cure the Exceptions listed in Buyer's Exception Notice, Buyer timely delivered notice to Seller terminating the PSA and requesting a prompt refund of the Earnest Money. A true and correct copy of Buyer's termination notice is attached as Exhibit 5.

14. That same day, Seller responded to Buyer claiming, without any explanation, that Buyer was not entitled to a return of its Earnest Money, and requested that the Earnest Money be released to Seller. A true and correct copy of Seller's notice is attached as Exhibit 6.

15. To date, the Earnest Money remains in possession of the escrow agent due to Seller's meritless obfuscations of the simple directives set forth in Sections 2.3 and 2.4 of the PSA; namely, that Buyer is entitled to a refund of its Earnest Money due to material and unacceptable Exceptions concerning the Title Commitment and Existing Survey that Seller refused to cure.

16. Indeed, as recently as July 27, 2022, Seller sent a letter demanding Buyer's consent to the Earnest Money's release to Seller, based on a self-serving, contortionist, and irrelevant interpretation of the PSA and negotiations between the parties. A true and correct copy of Seller's demand letter is attached as Exhibit 7.

17. In particular, Seller's demand letter confusingly asserted that only "material adverse exceptions or matters" constitute an "Exception" under Section 2.3 of the PSA. Seller's assertion ignores the plain language of Section 2.3, which defines "Exceptions" as any items in the Title Commitment, the Existing Survey, or the updated Survey that are "material adverse exceptions *or* matters not acceptable to Buyer." (Emphasis added). In any event, many, if not all, of the Exceptions noted in Buyer's Exception Notice are "material" title issues, thus entitling

Buyer to terminate the PSA and recover its Earnest Money under both Sections 2.3 and 2.4 of the PSA.

18. In sum, under the clear and unequivocal text of Sections 2.3 and 2.4 of the PSA, Buyer is entitled to a refund of its Earnest Money and all interest earned thereon, but Seller continues to improperly prevent the return of Buyer's Earnest Money.

19. Pursuant to Section 9.6 of the PSA, "[s]hould either party employ attorneys to enforce any of the provisions hereof, the non-prevailing party shall pay the prevailing party all reasonable costs, charges, and expenses, including reasonable attorneys' fees and costs, actually expended or incurred in connection therewith."

## FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT

20. Buyer re-alleges and incorporates by reference each allegation averred in the preceding paragraphs.

21. As alleged in the preceding paragraphs, and as evidenced in Exhibits 5-7 hereto, Buyer contends it is entitled to a refund of its Earnest Money pursuant to the express provisions of Sections 2.3 and 2.4 of the PSA. Seller, meanwhile, contends that it is entitled to payment of the Earnest Money.

22. Thus, an actual controversy exists between Buyer and Seller involving the rights and liabilities of the parties with respect to the PSA and the Earnest Money paid thereunder, which may be determined by a judgment of this Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

## SECOND CAUSE OF ACTION
**BREACH OF CONTRACT**

23. Buyer re-alleges and incorporates by reference each allegation averred in the preceding paragraphs.

24. For good and valuable consideration, Buyer and Seller entered into the PSA.

25. As alleged in the preceding paragraphs, Buyer properly and timely terminated the PSA, and is entitled to recover its Earnest Money, (i) pursuant to Section 2.3 of the PSA, because Seller refused to cure the material and unacceptable Exceptions noted in Buyer's Exception Notice, and (ii) pursuant to Section 2.4 of the PSA, because Buyer delivered timely notice stating its dissatisfaction with material issues in the Title Commitment.

26. Seller, however, has wrongfully interfered with the return of Buyer's Earnest Money, and has breached Sections 2.3, 2.4, and other provisions of the PSA, by erroneously claiming it is entitled to payment of the Earnest Money.

27. As a result of Seller's breaches of the PSA, Buyer has suffered damages, including deprivation of the Earnest Money and all interest earned thereon while in the escrow agent's possession.

## PRAYER FOR RELIEF

**WHEREFORE,** Buyer respectfully requests that this Honorable Court enter judgment in its favor against Seller granting the following relief:

A. A declaration that Buyer is entitled to a refund of its Earnest Money, plus all interest earned thereon, pursuant to Sections 2.3 and 2.4 of the PSA;

B. An order directing immediate payment of the Earnest Money and all interest earned thereon to Buyer;

C. An award for reasonable attorney's fees, costs, and expenses;

D. An award for pre- and post-judgment interest; and

E. Any further relief this Court deems just and proper.

Dated: September 8, 2022

**THE ROSNER LAW GROUP LLC**

/s/     Zhao Liu
Zhao (Ruby) Liu (DE 6436)
824 Market Street, Suite 810
Wilmington, DE 19801
Phone: (302) 777-1111
Email: liu@teamrosner.com

**NEUBERGER QUINN GIELEN RUBIN & GIBBER, P.A.**
Elliott E. Engel (*pro hac vice* forthcoming)
Steven J. Willner (*pro hac vice* forthcoming)
One South Street, 27th Floor
Baltimore, Maryland 21202
Telephone:    (410) 332-8550
Facsimile:    (410) 332-8594
ee@nqgrg.com
sjw@nqgrg.com

*Attorneys for the Plaintiff*